**Affirm and Opinion Filed November 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00242-CV**
_____

**KEITH HARRELL, Appellant**
**V.**
**JARED S. SMITH, INDIVIDUALLY AND DERIVATIVELY ON BEHALF**
**OF COVENANT EQUITY PARTNERS, L.L.C, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-06220-2021**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Keith Harrell appeals the trial court's denial of his motion to dismiss this declaratory action filed by appellee—Jared S. Smith, individually and derivatively on behalf of Covenant Equity Partners, LLC—pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), 27.005(b)(1)(B). The basic issue is whether appellees' suit "is based on" or "is in response to" appellee's exercise of his "right to petition." *Id.* § 27.005(b)(1)(B). It is not. Hence, we affirm the trial court's order. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

# BACKGROUND

Smith and Harrell formed Covenant Equity Partners, LLC (Covenant) in 2011. In the Covenant company agreement Smith and Harrell agreed that each would have fifty percent ownership of Covenant. Smith agreed to serve as Covenant's manager. Harrell and Smith signed Covenant's restated company agreement on December 15, 2011. Three of its provisions are relevant here. At the heart of this dispute is section 6.12, which provides:

> 6.12 **Broad Discretion and Authority of Managers**. Each Member acknowledges and understands that the Managers are granted broad discretion and authority under this Agreement and that the Managers' exercise of such broad discretion and authority may impair the value of the Membership Interest of the Member. Such Member further acknowledges and understands that the Managers would not cause the Company to issue a Membership Interest to the Member if the Managers did not have such broad discretion and authority, and such Member agrees not to challenge the Manager's exercise of such discretion and authority.

Moreover, section 15.04 provides for possible expulsion of a company member who "has willfully violated any provision of this Agreement." Section 15.04 also provides that a willfully violating member "shall be considered a Defaulting Member, and the Company or other Members may also exercise any one or more of the remedies provided for in Article 15.01." Section 15.01 provides numerous remedies, including forfeiture of a defaulting member's membership interest.

Prior to Smith's filing this lawsuit, Harrell filed a lawsuit individually and derivatively on behalf of Covenant, against Smith and against entities not party to

this lawsuit. Harrell alleged claims for breach of fiduciary duty and joint tortfeasor participation in breach of fiduciary (against all defendants); breach of contract (against Smith); fraud (against Smith); money had and received (against all defendants); and sought appointment of a receiver for Covenant pursuant to section 11.404(a)(1) of the Texas Business Organizations Code.

Smith's counterclaim alleged twenty-three instances in which Harrell challenged his authority to manage Covenant. Smith alleged Harrell challenged his authority in the petition and in deposition testimony.

After unsuccessful efforts to obtain discovery information, Harrell non-suited his claims and paid Smith his attorney's fees pursuant to indemnity provisions of the company agreement. Smith moved for leave to add a counterclaim for declaratory relief. He sought to allege Harrell had willfully violated section 6.12 of the restated agreement by challenging Smith's broad and discretionary managerial authority. Harrell moved to dismiss the case. The trial court denied Smith's motion for leave to amend and dismissed the matter as moot.

Subsequently, Smith filed the present lawsuit individually and derivatively on behalf of Covenant against Harrell. Smith basically alleges in this lawsuit what he unsuccessfully sought leave to allege via counterclaim in Harrell's previous lawsuit. Smith's petition here alleges: "Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Smith moves the Court for a declaration as a matter of law that Harrell willfully breached the Restated Company Agreement of Covenant Equity

–3–

Partners, L.L.C. under Section 15.03."[1] Smith also alleges twenty-three instances of Harrell's challenging Smith's authority in the petition and in deposition testimony of the previous lawsuit.

Harrell subsequently filed a TCPA motion to dismiss, asserting that Smith's filing a petition here violates Harrell's right to petition that he allegedly exercised in his previous lawsuit. Harrell urges that this lawsuit is "based on" or is brought "in response to" his previous lawsuit. Harrell alleges he exercised his "right to petition" via his petition and deposition testimony in the previous lawsuit.

The trial court, after a hearing, denied Harrell's TCPA motion to dismiss. This accelerated, interlocutory appeal followed.

### THE TCPA AND STANDARD OF REVIEW

Whether the TCPA applies to a legal action is an issue of statutory interpretation we review de novo.[2] *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

---

[1] We note that section 15.03 concerns "compromise or release." Smith's reference to section 15.03 appears to be in error. Section 15.04 addresses willful violation of the restated agreement. The parties' arguments nonetheless focus on section 15.04 rather than on section 15.03.

[2] The TCPA defines "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief" but does not include certain matters not at issue here. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6).

As an anti-SLAPP statute,[3] the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

In conducting our review, we must construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b); *State ex rel Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). The TCPA's stated purpose is to protect both a defendant's right to speech, petition, and association and a claimant's right to pursue valid legal claims for injuries. *Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

Consistent with general rules of statutory construction, we ascertain and give effect to the legislature's intent as expressed in the statutory language considering the specific language at issue and the TCPA as a whole, and we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *See Dyer*, 573 S.W.3d at 424-25.

We consider, in the light most favorable to the non-movant, the pleadings, evidence a court could consider under civil procedure rule 166a,[4] and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See*

---

[3] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Krasnicki v. Tactical Entm't, LLC,* 583 S.W.3d 279, 282 (Tex. App.—Dallas 2019, pet. denied).

[4] *See* TEX. R. CIV. P. 166a ("summary judgment").

TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *Riggs & Ray v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at \*4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.); *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at \*3 (Tex. App.—Dallas July 3, 2019, pet. denied) (mem. op.); *Dyer*, 573 S.W.3d at 424.

A claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

Under the TCPA, and subject to certain exemptions, '[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action[,]" TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a), and a court "shall dismiss" it. *Id.* § 27.005(b). However, a court "may not' dismiss the legal action "if the party bringing [it] establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding section 27.005(c), however, "the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.*, § 27.005(d).

The TCPA provides a three-step process for the dismissal of a legal action to which it applies. *See Montelongo*, 622 S.W.3d at 296; *Creative Oil*, 591 S.W.3d at

132; *Youngkin*, 546 S.W.3d at 679-80. At step one, the party moving for dismissal has the burden to demonstrate that the legal action is based on or is in response to the party's exercise of the right of association, right of free speech, or right to petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Montelongo*, 622 S.W.3d at 296 (discussing three steps).

If the movant does so, the analysis proceeds to step two, where the burden shifts to the nonmovant to establish by clear and specific evidence a prima facia case for each essential element of the claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *Montelongo*, 622 S.W.3d at 296.

If a nonmovant satisfies its burden at step two, the analysis proceeds to step three, where the movant may still win dismissal by establishing an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *Montelongo*, 622 S.W.3d at 296.

"In order to trigger the TCPA's protection, the 'legal action' must be *factually predicated* on the alleged conduct that falls within the scope of [the] TCPA's definition of exercise of the 'right of free speech,' petition, or association." *Dyer*, 573 S.W.3d at 428 (emphasis added) (citation and internal quotation marks omitted). If this nexus is missing, then the statute does not apply. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) (noting that any activities by the movant "that are not a factual predicate for [the non-movant's] claims are

simply not pertinent to the inquiry"). We consider the pleadings and any supporting and opposing affidavits in the light most favorable to the non-movant, *Dyer*, 573 S.W.3d at 424, favoring the conclusion that the non-movant's claims are not predicated on protected expression, *Damonte v. Hallmark Fin. Servs., Inc.,* No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.); TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(a) (stating that TCPA "does not abrogate or lessen any other . . . remedy . . . available under the constitutional, statutory, case, or common law or rule provisions").

## THE PARTIES' CONTENTIONS

Harrell argues that Smith's lawsuit should be dismissed because it is "based on" or is "in response to" his right to petition, which he exercised by filing and providing deposition testimony in the previous lawsuit. Harrell argues that Smith's petition explicitly states: "Harrell filed a lawsuit and offered a sworn deposition making exactly these [described] challenges to Smith's discretion and authority to manage Covenant." He argues that Smith's petition contains no allegations of any alleged wrongdoing other than filing the petition and testifying in the previous lawsuit. "In short, Smith would not have filed this lawsuit *but for* Harrell's petition and testimony in the prior action," he argues.[5]

---

[5] In his step-one TCPA argument, Harrell argues that the previous lawsuit had alleged that Smith engaged in self-dealing and that Smith judicially admitted in that lawsuit that section 6.12 cannot reasonably be construed to permit Smith to engage in self-dealing. Hence, Harrell argues, he did not willfully challenge Smith's authority under section 6.12 because Smith had no authority to engage in the alleged self-dealing

Smith counters that merely mentioning a previous judicial proceeding does not necessarily establish that a movant has engaged in any communication constituting an exercise of a right to petition under section 27.001(4) of the TCPA or that the nonmovant's claims are based on or in response to such communication. Smith argues that his lawsuit here does not seek to prohibit Harrell from his right to petition but instead seeks to obtain a declaration of the effect of the parties' prior restated agreement. He asserts that the previous lawsuit merely contains "evidence of Harrell's conduct that forms the basis of the dispute."[6]

**ANALYSIS**

In his sole issue, Harrell contends the trial court erred in denying his TCPA motion to dismiss because Smith's petition for declaratory relief states on its face that it is based solely on the petition that Harrell filed in the previous lawsuit and on Harrell's deposition testimony in that lawsuit. However, we cannot "blindly accept" attempts by Harrell to characterize Smith's claims as implicating protected expression. *See Sloat*, 513 S.W.3d at 504.

---

that Harrell had complained of in the previous lawsuit. We conclude Harrell's judicial-admission argument would better be addressed in a later step of TCPA analysis addressing merits or defenses. Indeed, Harrell repeats his judicial-admission argument in his TCPA step-three argument. Our disposition of this appeal would be the same regardless of the effect of the judicial admission, if any.

[6] Because we otherwise hold the TCPA is inapplicable here, we do not address Smith's contention that the TCPA is inapplicable because Harrell had challenged Smith's authority prior to the filing of the previous lawsuit.

Moreover, due to our conclusion that the TCPA is otherwise inapplicable here, we do not decide Smith's argument that Harrell waived his right to petition by agreeing not to challenge Smith's actions as manager of Covenant in paragraph 6.12 of the restated company agreement.

Our resolution of the issue is guided by our opinion *Riggs & Ray, P.C. v. State Fair of Texas*, a case involving the Uniform Declaratory Judgment Act and the TCPA. *See Riggs & Ray, P.C.*, 2019 WL 4200009. In *Riggs & Ray, P.C.,* the State Fair of Texas filed a declaratory action against Riggs & Ray to determine whether the State Fair was a public entity and thus was required to disclose information to Riggs & Ray. *See id.* at *1. Two months after the State Fair of Texas filed a notice of non-suit in that action, Riggs & Ray filed a declaratory action against the State Fair of Texas. *Id.* Riggs & Ray sought a declaration that the State Fair of Texas was a governmental body and was required to disclose the information to Riggs & Ray— the information at issue in the previous lawsuit filed and non-suited by the State Fair of Texas. *Id.* The State Fair of Texas filed a motion to dismiss in the subsequent lawsuit pursuant to the TCPA. *Id.* at *2. The State Fair of Texas alleged that Riggs & Ray's lawsuit, under a previous version of the TCPA, was "based on, relates to" or was "in response to" the State Fair of Texas's "right to petition." *Id.* at *3. We concluded Riggs & Ray's legal action was not based on, related to, or in response to the State Fair of Texas's right to petition. *See id.* at *5. If this nexus is missing, the statute does not apply. *See id.*; *Sloat*, 513 S.W.3d at 504.

Moreover, we find persuasive guidance in *Choudhri v. Lee*, No. 01-20-00098-CV, 2020 WL 4689204 (Tex. App.—Houston [1st Dist.] Aug. 13, 2020, pet. denied) (mem. op). In *Choudhri*, Lee sought a declaratory judgment to determine the effect of a prior dispute-resolution agreement on subsequent litigation, and Choudhri

–10–

sought to dismiss under the TCPA claiming the declaratory-judgment action violated his right to petition because "[t]he entirety of [Lee's] lawsuit is a catalogue of complaints regarding what [Choudhri] allegedly did and did not communicate in various judicial proceedings." *Id.* at \*2. The *Choudhri* court held that although Lee's pleadings referenced various legal actions, the TCPA did not apply because the declaration Lee sought did not implicate a protected communication. *Id.* at \*3. Rather, it involved "the legal rights and obligations of the parties under the Agreement" and did not "seek to prohibit Choudhri from petitioning the courts, but instead to obtain a declaration of the effect of the parties' prior Agreement on the ongoing litigation." *Id.* at \*3 ("Taken in context, Lee's declaratory judgment claim is not based on or relating to Choudhri's right to petition; rather, it seeks a determination of the legal principles that the parties should apply in resolving their various legal disputes.").[7]

---

[7] Smith characterizes his claim for declaratory relief as follows:

> Here, the dispute before this court is whether the [sic] Harrell's conduct, as alleged in the [sic] Smith's Petition and restated herein, is an intentional challenge to Smith's discretion and authority as manager, equating to a willful breach of a provision of the Company Agreement. In other words, is Harrell's *status* under the Company agreement a "Defaulting Member," and do Smith and Covenant have the *right* to pursue the remedies they are awarded under Article 15.01(a)-(h).

We note the Declaratory Judgment Act provides in part that a person interested under a written contract or other writings constituting a contract or whose rights, status, or other legal relations are affected by a contract may have determined any question of construction or validity arising under the instrument or contract and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 ("subject matter of relief").

In light of the pleadings and evidence, we conclude Smith's claims are not factually predicated on communications made in the previous lawsuit or on Harrell's right to petition. *See R & R*, 2019 WL 4200009, at *4 (any activities by the movant that are not a factual predicate for the non-movant's claims are not pertinent to our inquiry regarding whether the TCPA applies) (citing *Sloat*, 513 S.W.3d at 504)). In doing so we follow our standard and consider the pleadings and evidence in the light most favorable to the non-movant, *see Dyer*, 573 S.W.3d at 424, favoring the conclusion that the non-movant's claims are not predicated on protected expression, *see Damonte* 2019 WL 3059884, at *5. We agree with Smith that "The communications Harrell trumpets are merely evidence of Harrell's conduct that forms the basis of the dispute." Simply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA. *See Riggs & Ray, P.C.*, 2019 WL 4200009, at *4 (quoting *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 587 (Tex. App.—Fort Worth 2019, pet denied)). Rather Smith's claims are factually predicated solely on Harrell's alleged conduct of willfully violating the restated company agreement. *See Riggs & Ray, P.C.*, 2019 WL 4200009, at *4 ("Nothing in R & R's petition suggests that its claims are predicated on anything other than SFT's noncompliance with R & R's records requests."); *Sloat*, 513 S.W.3d at 504 ("Rather, [non-movant's] are garden-variety tort claims based on specific conduct that the Scientology Defendants have failed to demonstrate, by a preponderance of the

–12–

evidence, implicates the exercise of their rights of 'free speech,' 'association,' or 'to petition.'"); *Dyer*, 573 S.W.3d at 430 (plaintiffs' claims were based on defendants' alleged conspiracy to misappropriate plaintiffs' proprietary software and confidential information with intent to sell or use such property). Although Harrell communicated his alleged willful violation of the restated agreement through his previous lawsuit, the alleged willful violation itself, not the communication, is the basis of Smith's claims. *See Riggs & Ray, P.C.*, 2019 WL 4200009, at *4. Hence, we conclude that Smith's claims are not "based on" or in "response to" Harrell's right to petition and that the TCPA does not apply.

## CONCLUSION

We overrule Harrell's issue. We affirm the trial court's order

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

220242f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH HARRELL, Appellant

No. 05-22-00242-CV     V.

JARED S. SMITH,
INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF
COVENANT EQUITY PARTNERS,
L.L.C, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-06220-
2021.
Opinion delivered by Justice
Pedersen, III. Justices Myers and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JARED S. SMITH, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF COVENANT EQUITY PARTNERS, L.L.C recover his costs of this appeal from appellant KEITH HARRELL.

Judgment entered this 30th day of November 2022.